UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALEXANDER ARMALIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04576-TWP-DML |
| | ) | |
| BRETT GRIDER, Jail Commander, | ) | |
| TINA, Lt. | ) | |
| UNKNOWN OFFICER | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

The plaintiff is a prisoner currently incarcerated at the Grant County Jail. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

The plaintiff filed an amended complaint on February 22, 2018. The amended complaint completely replaces and supersedes the original complaint. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999). The amended complaint names Jail Commander Brett Grider, Lt. Tina and an unknown officer (who were all employees of the Henry County Jail) as defendants.

The plaintiff explains that on February 22, 2016, he was asleep on a top bunk at the Henry County Jail when he was startled awake by the officers serving breakfast causing him to sit up quickly and hit his head on a screw in the ceiling used to cover a hole. The plaintiff became disoriented and when he attempted to climb down from the top bunk to grab his breakfast tray, he fell and sustained significant injuries. The officers serving breakfast called the paramedics, who transported the plaintiff to the hospital for treatment.

The plaintiff was released from the hospital that same day and was placed by Officer Tina in a padded cell even though he was not on suicide watch. He was placed there because no other space was available. The plaintiff alleges that the conditions in the padded cell were unconstitutional. He was required to urinate and defecate in a drain hole near where he slept and ate. He was forced to sleep on a mat on the dirty floor, to eat while sitting on the floor and was exposed to black mold. This placement lasted for two days, after which the plaintiff was returned to his original cell and top bunk placement.

Applying the screening standard to the allegations in the complaint, the claims that Jail Commander Brett Grider and Lt. Tina subjected the plaintiff to unconstitutional conditions of confinement shall proceed. These claims are understood to be brought against the Jail Commander and Lt. Tina in their individual capacities for their personal role in allegedly violating the plaintiff's constitutional rights.

The claim against Jail Commander Brett Grider in his official capacity is dismissed. This is because an official capacity claim is really a claim against the entity employing the official and the Henry County Jail is a non-suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). In addition, even if the official capacity claim could be understood to be brought against a municipality it would be subject to dismissal because "municipal governments [including counties] cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional municipal policies or customs." *Simpson v. Brown County,* 860 F.3d 1001, 1005-006 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services,* 436 U.S. 658, 690-91 (1978)). There is no allegation that the Henry County Jail had a policy or custom that resulted in the misconduct alleged.

The claims against the unknown officer are also dismissed. This is because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, the plaintiff is able to learn the name of the unknown defendant, he may seek leave to add a claim against him or her.

### III.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Brett Grider, Jail Commander and Lt. Tina in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on February 22, 2018 (docket 8), applicable forms (Notice

of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to update the docket to reflect that Brett Grider and Lt. Tina are both defendants in this action. All other defendants appearing on the docket were not named in the caption of the amended complaint or have been dismissed. The **clerk is directed** to terminate these defendants (all except for Brett Grider and Lt. Tina) on the docket.

**IT IS SO ORDERED.**

Date: 4/5/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALEXANDER ARMALIN
30833
GRANT COUNTY JAIL - IN
214 E. Fourth Street
Inmate Mail/Parcels
MARION, IN 46953

Jail Commander Brett Grider
Henry County Jail
127 N. 12th Street
New Castle, IN 47362

Lt. Tina
Henry County Jail
127 N. 12th Street
New Castle, IN 47362